UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Joey Laguna,<br><br>    Defendant. | 2:12-cr-00152-MMD-MDC-1<br><br>**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION REQUESTING THAT THE COURT AUTHORIZE HIM TO APPEAR IN ABSENTIA IN SUPERVISED RELEASE REVOCATION PROCEEDINGS** |

Convicted defendant Joey Laguna filed a letter, which the Court construes as a *Motion Requesting that the Court Authorize Him to Appear in Absentia in Supervised Release Revocation Proceedings* ("Motion"). *ECF No. 40*. The Court RECOMMENDS that Laguna's Motion be DENIED.

I. BACKGROUND

Laguna is convicted in this Court of threatening to assault a National Park Service Ranger and sentenced as a Career Offender under U.S.S.G. § 4B1.2. *ECF No. 33.* This Court sentenced Laguna to an 18-month term of custody followed by a 3-year term of supervised release. *Id.* Among the mandatory conditions of supervision imposed by the Court was that "the defendant shall not commit another federal, state or local crime." *ECF No. 26*; 18 U.S.C. § 3563(a)(1).

Laguna completed his custodial term in the case of supervision and began a term of supervision in this District. Laguna committed new crimes: Laguna was convicted in state court on multiple counts related to a murder during an attempted home invasion. *See Judgment of Conviction*, *Nevada v. Joseph Laguna*, C-15-303991-5, Eighth Jud. Dist. Ct., Clark Cty. (Nov. 30, 2016) ("State Convictions"). Plaintiff was sentenced in the State Convictions to an aggregate total sentence of life with a minimum of 27 years' custody. Laguna argues in his Motion that this Court should allow him to (1) appear in

absentia in supervised release revocation proceedings in the instant case prior to the expiration of his state sentence, (2) be allowed to plead no contest, and (3) run his violation time concurrent with his life sentence. *ECF No. 40*.

## II. DISCUSSION

### a. Legal Standard

The Court has no statutory or constitutional duty to provide a convicted defendant a revocation hearing until he is taken into federal custody as a violator by execution of the warrant. *Moody v. Daggett*, 429 U.S. 78, 88-89 (1976). The issuance of a revocation warrant and the lodging of a detainer does not deprive a defendant of any liberty interest. *Id.* at 86-87. "A defendant's term of supervised release is tolled 'during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime.'" *United States v. Garrett*, 253 F.3d 443, 446 (9th Cir. 2001) (quoting 18 U.S.C. § 3624(e)). The execution of a revocation warrant, and custody under that warrant, is the operative event triggering the revocation process. *Moody* at 87. A revocation "warrant … may await the outcome of pending criminal charges and sentences entered thereon without amounting to an unreasonable delay." *United States v. Bartholdi*, 453 F.2d 1225, 1226 (9th Cir. 1972) (citing *Shelton v. United States Board of Parole*, 128 U.S.App.D.C. 311, 388 F.2d 567, 571 (1967)); *Barr v. Parker*, 453 F.2d 865, 867 (9th Cir. 1971).

"The Court in *Moody* unambiguously held that the federal government is not constitutionally required to writ a defendant out of state custody and into federal custody for purposes of executing a violation warrant." *Garrett* at 448, citing *Moody* at 87. "The power of the court to revoke a term of supervised release for violation of a condition of supervised release … extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an

allegation of such a violation." 18 U.S.C. § 3583(i). That reasonably necessary period extends throughout "the defendant's incarceration on state charges." *Garrett* at 450.

The Supreme Court has observed that "there is a practical aspect to consider … in cases such as this … [where a supervisee] admits or has been convicted of an offense plainly constituting a … violation." *Moody* at 89. "[T]he only remaining inquiry [at the revocation proceeding] is whether continued release is justified notwithstanding the violation." *Id.* That question "is uniquely a 'prediction as to the ability of the individual to live in society without committing antisocial acts.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). "In making this prophecy," the Supreme Court advised, the supervisee's "institutional record can be perhaps one of the most significant factors." *Id.* "Forcing decision immediately after imprisonment would not only deprive the [Court] of this vital information, but since the other most salient factor would be the [supervisee's] recent convictions, here a [murder, burglary, and home invasion with a deadly weapon, among others], a decision to revoke … would often be foreordained." *Id.* The Supreme Court concluded that "[g]iven the predictive nature of the hearing, it is appropriate that such hearing be held at the time at which prediction is both most relevant and most accurate at the expiration of the [supervisee's] intervening sentence. *Id.*

**b. Analysis**

Laguna requests a revocation hearing, that he appear in absentia, plead no contest, and serve any revocation sentence concurrently with his sentence for the State convictions. *ECF No. 40*. There is no statutory duty for the federal government "to writ a defendant out of state custody and bring him before the federal district court for [a] revocation hearing," *Garrett* at 450, "nor has any court imposed such a duty," *id.* Nothing in the controlling statute or regulations gives Laguna any right to force the decision of

the Court at this time. See 18 U.S.C. § 3583(i); *Moody* at 87-88.

There is no legal basis to permit Laguna's requested revocation proceeding to proceed *in absentia* under the circumstances presented. *See ECF 40*; see also 18 U.S.C. § 3583; Fed. R. Crim. P. 32.1. A supervisee has limited due process protections at a revocation hearing. See *Brewer; Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Those "minimal due process requisites" are incorporated into Rule 32.1. *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993).

A supervisee cannot "plea[d] no contest" in a revocation proceeding, as Laguna requests (ECF 40). A supervisee admits or denies alleged violations. See 18 U.S.C. § 3583; Fed. R. Crim. P. 32.1. Where a supervisee does not admit the alleged violations, a contested revocation proceeding ensues. *Id.* Laguna also offers no evidence or argument to support the imposition of a concurrent revocation sentence in his case, should the revocation arrest warrant be executed. "The Court, in determining the particular sentence to be imposed, shall consider … in the case of a violation of … supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of Title 28, United States Code." 18 USC § 3553(a)(4)(B). Under United States Sentencing Guideline section 7B1.3(f), "any term of imprisonment imposed upon the revocation of … supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of … supervised release."

The State Convictions include murder, so the Court cannot recommend that a concurrent sentence is justified. The decision as to whether any revocation sentence would run "consecutively to any sentence of imprisonment that the defendant is serving," USSG § 7B1.3(f), is best left for the conclusion of the state sentence, see *Moody*. The Court recommends that Laguna's Motion be denied.

//

**IT IS RECOMMENDED THAT** defendant Joey Laguna's *Motion Requesting that the Court Authorize Him to Appear in Supervised Release Revocation Proceedings* (ECF No. 40) be DENIED.

DATED July 11, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**